## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRCT OF WISCONSIN

ADAM MAYHUGH,

    Plaintiff,

                                  Case No.

v.

ROUNDY'S SUPERMARKET, INC.,

    Defendant.

## COMPLAINT

NOW COMES the Plaintiff, Adam Mayhugh, by and through his attorneys, McDonald Law Firm, LLC, and as and for his Complaint against the Defendant, Roundy's Supermarket, Inc., alleges and shows to the court as follows:

## <u>NATURE OF THE ACTION</u>

This action arises under the Americans with Disabilities Act ("ADA") to correct unlawful employment practices including disparate treatment based upon disability, failure to accommodate, and retaliation. Plaintiff seeks a permanent injunction against the defendant, reinstatement or front pay in lieu of reinstatement, lost wages, lost employment benefits, non-pecuniary compensatory damages, punitive damages, costs, attorney's fees, and any other such relief the Court may deem appropriate.

## <u>JURISDICTION AND VENUE</u>

1. Jurisdiction of this Court is proper pursuant to 28 USC §1331.  This action is authorized and instituted pursuant to the ADA. (42 U.S.C. § 12101 *et seq.*)

2. Venue is proper in this Court pursuant to 28 USC §1391(b) and (c).  The employment

practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin, and the employment records relevant to such practices are maintained and administered within the Eastern District of Wisconsin.

**PARTIES**

3. The Plaintiff, Adam Mayhugh ("Mayhugh") is an adult resident of the State of Wisconsin with a residence located at 2040 Meadow Ct Apt 2, West Bend, WI 53065.

4. The Defendant, Roundy's Supermarket, Inc., ("Roundy's"), is a Midwest grocery market chain with a corporate office located at 875 E Wisconsin Ave, Milwaukee, WI 53202.

**STATEMENT OF FACTS**

5. Mayhugh became employed with Roundy's in 2021 as a cashier.

6. Mayhugh was hired as a full-time employee.

7. Mayhugh possess a disability as define by the Americans with Disabilities Act.

8. Mayhugh suffered a traumatic brain injury in 2011 which substantially impacted his memory and complex thinking.

9. Mayhugh's disability substantially limits one or more major life activities as it causes dizziness, spatial disorientation, and headaches for which he takes medication. His disability also makes it difficult for him to think, recall information including work-related tasks, follow certain instructions, and learn new tasks and processes.

10. Mayhugh informed Roundy's of his disability upon becoming hired with the company.

11. Mayhugh discusses his disability with supervisors and coworkers so they could better understand how this disability affected his work and what they would do to help him be a better worker.

12. In or around August 2023, Roundy's transferred Mayhugh from the Main Street Pick n Save location to the Washington Street Pick n Save.

13. Prior to the transfer, Roundy's allowed Mayhugh to keep a water bottle by his workstation because his headache medication would cause him to have dry mouth.

14. After the transfer, Roundy's prohibited Mayhugh from having a water bottle at his workstation despite formal requests by Mayhugh and his neurologist.

15. Prior to the transfer, Roundy's scheduled Mayhugh for full-time hours.

16. Approximately 2-3 weeks after the transfer, Roundy's reduced Mayhugh's hours from full-time to part-time.

17. Mayhugh complained to Roundy's about the reduction in hours, but Roundy's refused to provide him with additional hours.

18. Prior to the transfer, Roundy's worked with Mayhugh when it came to teaching him new tasks and processes.

19. After the transfer, Roundy's reprimanded Mayhugh when he could not consistently remember to perform a new task or process.

20. Mayhugh's neurologist submitted multiple letters requesting accommodations.

21. One accommodation, issued on November 14, 2023, was to "provide leniency and allow extra time for learning of new tasks and workflows."

22. Subsequent accommodation requests, dated November 28th and December 12th, 2023, asked Roundy's to provide Mayhugh with "double the time that typically would be given for learning of any new tasks or workflows."

23. Mayhugh's neurologist confirmed that "It is safe and appropriate for him to continue working as a grocery sore clerk so long as some accommodations are provided."

24. Roundy's failed to engage in the interactive process with Mayhugh concerning his disabilities and requests for accommodation.

25. Roundy's failed to provide Mayhugh with reasonable accommodation.

26. Mayhugh complained to Roundy's regarding its failure to provide him with a reasonable accommodation.

27. Mayhugh complained to Roundy's about subjecting him to discipline for actions that were directly related to his disability and that should have been addressed by an accommodation.

28. On or around October 23, 2023, Roundy's placed Mayhugh on unpaid leave.

29. Mayhugh repeatedly contacted Roundy's' human resources department about being placed on unpaid leave and his return to work date, but got no reply.

30. About 3-4 weeks after being placed on unpaid leave, the store manager told Mayhugh that HR would be in touch with him about details of another letter Mayhugh would need to request from his doctor regarding accommodations.

31. Mayhugh's doctor provided multiple letters regarding his needs for accommodations after Mayhugh was placed on leave.

32. Mayhugh continued to contact Roundy's to discuss his return to work.

33. Roundy's never responded to Mayhugh or contacted Mayhugh to discuss his return to work.

34. Roundy's terminated Mayhugh's employment.

35. All conditions precedent to filing this lawsuit have been satisfied as the U.S. Equal Employment Opportunity Commission issued a Right to Sue letter dated April 16, 2026. A true and correct copy of the Right to Sue letter is attached hereto as Exhibit A.

<u>**STATEMENT OF LEGAL CLAIMS**</u>
<u>**DISCRIMINATION, FAILURE TO ACCOMMODATE,**</u>
<u>**AND RETALIATION UNDER THE ADA**</u>

36. Mayhugh incorporates paragraphs 1 through 35 as if fully set forth herein.

37. Mayhugh is a member of a protected class within the meaning of the ADA as he possesses a disability and sought reasonable accommodations related to his disability.

38. Roundy's is subject to the mandates of the ADA as it is an employer as defined by the Act.

39. Roundy's engaged in unlawful practices in violation of the ADA by

(i) refusing to engage in the interactive process with Mayhugh concerning his disability;

(ii) refusing to offer Mayhugh reasonable accommodations;

(iii) discriminating against Mayhugh based upon his disability by subjecting him to disciplinary action that should have been covered by an accommodation;

(iv) discriminating against Mayhugh based upon his disability by placing him on unpaid leave;

(v) discriminating against Mayhugh based upon his disability by terminating his employment;

(vi) retaliating against Mayhugh by subjecting him to discipline after he opposed discrimination in the workplace;

(vii) retaliating against Mayhugh by placing him on unpaid leave; and

(viii) retaliating against Mayhugh by terminating Mayhugh's employment.

40. The effect of the practices complained herein has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of her disability.

41. The unlawful employment practices complained of herein were intentional.

42. The unlawful employment practices complained of herein were done with reckless indifference to Plaintiff's federally protected rights.

## **PRAYER FOR RELIEF**

A. Grant a permanent injunction against the Defendant and its officers, assigns and all persons in active concert or participation with them, from engaging in any employment practice which interferes with or restrains an employee's rights under the ADA.

B. Grant a permanent injunction against the Defendant and its officers, assigns and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of disability or engagement in statutorily protected activity.

C. Order the Defendant to institute and carry out policies, practices and programs that comply with the mandates of the ADA.

D. Order the Defendant to compensate Mayhugh by providing reinstatement and appropriate back pay, front pay, non-pecuniary compensatory damages, punitive damages, attorney's fees, and costs for its violation of the ADA.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMANDED

The Plaintiff, Adam Mayhugh, requests a jury trial on all questions of fact raised by this complaint.

Signed on this 13th day of July, 2026.

> MCDONALD LAW FIRM, LLC
> Attorneys for Plaintiff
>
> By:    s/Shannon D. McDonald
>        Shannon D. McDonald
>        WI State Bar No. 1036954
>        N96W18221 County Line Rd. #200
>        Menomonee Falls, WI 53051
>        Office: (262) 252-9122
>        Fax:    (414) 395-8773
>        Email: sdm@themklaw.com